### ADDISON COUNTY, JANUARY TERM, 1828.

### *Town of Middlebury* vs. *Stephen Haight.*

In an action against the sheriff for an escape, the plaintiff will not be permitted
  to show that the act for which the prisoner had been sued was *willful* and
  *malicious,* or that, before he escaped, his friends had offered to pay the plain-
  tiff a part of the debt, on condition he would discharge the prisoner.

Action for escape on *mesne process.*   The issue was tried by
the court by agreement of parties.   On the trial of this case the
defendant admitted the commitment and escape as alleged in the
declaration—and introduced evidence tending to shew that the
prisoner who escaped was poor, and had no property of any kind.
The plaintiffs offered evidence to shew that the act for which they
had sued the prisoner was wilful and malicious, and also, that be-
fore the prisoner escaped, they received offers to the amount of
fifty dollars from persons in *Essex,* in the state of *New York,*
where the prisoner resided, on condition they would discharge him.
The court rejected the evidence, and decided that the execution,
being a close-jail one, and the prisoner not being entitled to the

Addison, Jan. 1828.
Middlebury vs. Haight.
} benefit of the oath, or limits of the jail-yard, and the fact that the plaintiffs were offered money to discharge him, were circumstances which could have no influence upon the amount of damages in the case. The plaintiffs excepted to the decision of the court rejecting the evidence offered by the plaintiffs, and the cause was removed to this court for a revision of said judgment.

*Bates, for the plaintiff.* 1. It will be observed the statute does not put the damages exclusively upon the ground of "property," but upon the prisoner's circumstances, situation, &c. The design of the Legislature was that the creditor should have just what he lost by the escape. This is the only just principle. How much more the execution was worth, in consequence of the offer of fifty dollars, and of its being a close-jail execution, the jury should have been left to say. And in such cases a jury, taking into consideration "all the circumstances," could estimate its value as well as they could many other kinds of property. Certainly, the difficulty of ascertaining the amount of damages is no reason why none should be recovered. The evidence offered by the creditor must have convinced any one that his execution was worth at least fifty dollars. To say he shall recover only nominal damages, is not giving him, in the language of the statute, the damages he has "sustained in consequence of such escape."

2. The testimony offered by the creditor tended to rebut the evidence of the defendant, as to the absolute poverty of the prisoner. The fact that strangers appeared and offered fifty dollars was evidence proper for the jury to weigh, as going to shew that the prisoner himself could have raised that amount, since men do not usually pay the debts of others. Upon the whole, whether a close-jail execution is valuable, depends upon many circumstances besides the prisoner's property. He may have a good profession, or the means of raising money, or the debt may have arisen from some request of others who would feel bound in honor to relieve him. That the last was true in this case seems highly probable from the nature of the transaction.

*Mr. Phelps for the defendant,* contended that the rule of damages, in cases of this sort, depends upon the previous ability of the debtor; and and that it is not competent for the plaintiffs to

shew, for the purpose of enhancing the ⎰ Addison, Jan. 1828.
damages, that the confinement of the pris- ⎱ *Middlebury* vs. *Haight.*
oner might operate to wrest from the sympathy or the charity of
friends, what the debtor is not able, from his own means to res-
pond.

PRENTISS, J. delivered the opinion of the court. This is an action
on the case, brought against the sheriff, for the escape of a prisoner
in custody upon original process. At the trial, the defendant
having introduced evidence, that the prisoner, at the time of the
escape, was destitute of property, the plaintiffs offered to show
that the cause of action for which the prisoner was arrested
and committed, arose from the wilful and malicious act of the
prisoner; and also, that before the escape, certain persons had
offered the plaintiffs fifty dollars, if they would discharge the pris-
oner. The evidence, thus offered, was rejected by the court, and
we are now to decide whether it was admissible.

The statute (*Comp. stat. p.* 218, *s.* 4,) provides, that in any
action brought for the escape of any prisoner, the sheriff may give
in evidence the circumstances, situation, and property of the
prisoner, at the time of the escape, and all the circumstances at-
tending the escape; and the creditor shall recover no more than
his reasonable and just damages, which he shall have sustained in
consequence of the escape. The plaintiffs, then, were entitled to re-
cover in this action according to the damages they had sustained by
reason of the escape; and the defendant was entitled to give in evi-
dence the poverty of the prisoner to shew how far the plaintiffs
had been damnified. If the prisoner was destitute of property,
and had no means of paying the damages for which he was sued,
the plaintiff's cause of action against him must have been of very
little value to them, whether the prisoner, on final process, would
or would not have been entitled to the liberties of the prison, and
the benefit of the poor debtor's oath. The legitimate object of im-
prisonment, in civil cases, is, to coerce the debtor to apply the
means which may be in his power to the payment of the debt, for
which he is committed. It is true, that when the case is such,
that the execution confines the party within the walls of the pris-
on, without the power of obtaining a discharge but by pay-
ment of the judgment, and he is unable to make payment, friends,

FFF

Addison, Jan. 1828.
———
Middlebury vs. Haight.

and even strangers may be induced, from motives of charity and humanity, to advance the requisite sum for his relief. But though such may be the effect of imprisonment, yet it is a mere possibility, too remote and uncertain to be taken into consideration in assessing damages for an escape. The evidence relative to the nature of the plaintiff's original cause of action, therefore, was properly excluded; and the same principle applies to the proof of the offer made the plaintiffs for the discharge of the prisoner. That was a mere proposition which was rejected at the time, and might never have been made again. The only legitimate considerations, in assessing the damages, were the amount of the plaintiffs' demand, the means and ability of the prisoner to pay it, and the particular circumstances attending the escape.

Judgment affirmed.

*Bates*, for plaintiffs.

*Phelps*, for defendant.